IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAUL MATA,

    Petitioner,

  v.

CONNIE GIPSON, Warden,

    Respondent.
_____/

No. C 12-5852 CW (PR)

ORDER TO SHOW CAUSE, GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DENYING WITHOUT PREJUDICE MOTIONS FOR EQUITABLE TOLLING AND APPOINTMENT OF COUNSEL

(Docket nos. 3, 4, 10, 11)

    Petitioner, a state prisoner, has filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction. He seeks leave to proceed in forma pauperis. It does not appear from the face of the petition that it is without merit. Good cause appearing, the Court hereby issues the following orders:

    1.   Leave to proceed in forma pauperis is GRANTED.

    2.   Petitioner's motion for equitable tolling of the one-year statute of limitations for filing a federal habeas corpus petition is DENIED as premature. If Respondent moves to dismiss the petition as untimely, Petitioner can assert his arguments in opposition to such motion.

    3.   Petitioner's motion for the appointment of counsel is DENIED as premature. At this early stage of the proceedings, the Court is not in a position to determine whether the interests of justice require the appointment of counsel, see 18 U.S.C. § 3006A(a)(2)(B), or if counsel will be required for an

evidentiary hearing, see Rule 8 of the Rules Governing Section 2254 Cases.  Should the circumstances change materially at a later stage of the litigation, the Court will reconsider this decision on its own initiative.

    4.   The Clerk of the Court shall serve a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this Order on Petitioner at his current address.

    5.   No later than sixty days from the date of this Order, Respondent shall file with this Court and serve upon Petitioner an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the Answer all portions of the state record that have been transcribed previously and are relevant to a determination of the issues presented by the petition.

    If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent no later than thirty days from his receipt of the Answer.  If he does not do so, the petition will be deemed submitted and ready for decision on the date the Traverse is due.

    6.   No later than sixty days from the date of this Order, Respondent may file with this Court and serve upon Petitioner a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.

    If Respondent files such a motion, Petitioner shall file with

the Court and serve on Respondent an opposition or statement of non-opposition to the motion within <u>twenty-eight</u> days of receipt of the motion, and Respondent <u>shall</u> file with the Court and serve on Petitioner a reply within <u>fourteen</u> days of receipt of an opposition.

7. It is Petitioner's responsibility to prosecute this case. He must keep the Court and Respondent informed of any change of address and comply with the Court's orders in a timely fashion. He also must serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

8. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than ten days prior to the deadline sought to be extended.

This Order terminates Dockets nos. 3, 4, 10 and 11.

IT IS SO ORDERED.

Dated: 3/8/2013

_____
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE